UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip Ray Kidd, | ) | C/A No. 5:15-cv-02440-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| John Magil; | ) | |
| Holly Scutturo, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.     Factual Background

Phillip Ray Kidd ("Plaintiff") is civilly committed to the South Carolina Sexually Violent Predator Treatment Program ("SVP Program"), which is administered by the South Carolina Department of Mental Health ("SCDMH"). In the Complaint filed in this case, Plaintiff alleges that he is illegally confined in the SVP Program because the diagnosis under which he was committed to the program in 2011 is no longer considered a valid diagnosis under the "Diagnostic Manual of Mental Disorders." Compl. 4, ECF No. 1. Plaintiff contends that he should be released from the SVP program because he does not have any currently recognized "mental disorder," which is a prerequisite for commitment. *Id*. He asks this court for "immediate release" and for $250,000.00 in compensatory damages. *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under

this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.     Discussion

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[1] the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996) (emphasis added). Plaintiff's claims of unconstitutional confinement by a state agency fall within the coverage of § 1983.

[2] *See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought and found barred by *Heck*).

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Even though the state-court order that committed Plaintiff to the SVP Program is civil, rather than criminal, in nature, *see Michau v. Charleston Cnty.*, 434 F.3d 725, 727-28 (4th Cir. 2006) (SVPs are not "prisoners" for PLRA purposes), federal courts that have considered § 1983 claims relating to such commitments have ruled that *Heck v. Humphrey* and its "favorable termination" requirement also apply to civil-rights challenges lodged against SVP orders and continuing commitment, such as that asserted in Plaintiff's Complaint. *See Turner v. Johnson*, 466 F. App'x 214, at *1 (4th Cir. 2012); *Haynesworth v. Cothran*, No. 2:12-2466-CMC-BHH, 2012 WL 4753896, at *3 (D.S.C. Sept. 27, 2012), *report and recommendation adopted,* No. CA 2:12-2466-CMC-BHH, 2012 WL 4753893 (D.S.C. Oct. 4, 2012); *see also Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (*Heck* applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"); *Banda v. N. J. Special Treatment Unit Annex*, 164 F. App'x. 286, 287 (3rd Cir. 2006) (*Heck* barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"); *Coffman v. Blake*, 156 F. App'x 863 (8th Cir. 2005) (affirming dismissal of civil lawsuit brought by civilly committed offender, which included claims barred by *Heck*); *Henry v. Minnesota*, No. 11-3136 (SRN/TNL), 2011 WL 6003969, at *2 (D. Minn. Nov. 8, 2011) ("Plaintiff must successfully challenge the civil commitment itself, in a legally appropriate forum and manner, (i.e., a state court action or appeal, or a federal habeas corpus action), before he can seek a civil judgment based on any allegedly wrongful acts or omissions that precipitated his civil commitment"); *Talbot v. Loya*, No. 4:03CV3400, 2005 WL

2765131, at *2 (D. Neb. Oct. 24, 2005) ("[t]he principles and objectives expressed in *Heck v. Humphrey* apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); *Nelson v. Suire*, No. 4:09CV658 DDN, 2009 WL 1161609, at *2 (E.D. Mo Apr. 29, 2009) ( "*Heck* applies where a civil detainee challenges an SVP determination in a suit for damages").

In this case, Plaintiff's contention that he is wrongfully committed to the SVP program without a valid diagnosis would, if true, necessarily imply the invalidity of the state-court order under which he was civilly committed to SCDMH custody. Because he is still confined, it is evident that he has not had his commitment order overturned or set aside by an appropriate court action. Until he does so, he cannot sue Defendants in this court seeking release from his civil commitment or compensatory damages for continued confinement. As a result, Plaintiff's Complaint fails to state a plausible § 1983 claim against either of the Defendants named in this case.

IV.   Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

July 16, 2015                                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).